FILED
05/20/2025
Sara Smith
CLERK
Flathead County District Court
STATE OF MONTANA
By: Crystal Holzapfel
DV-15-2025-0000805-BF
Wilson, Dan
1.00

Alex K. Evans
Wayne E. Olson
GLACIER LAW FIRM, PLLC
165 Commons Loop Ste 3
Kalispell, MT 59901
Telephone: (406) 552-4343
*Attorneys for Plaintiff*

**MONTANA ELEVENTH JUDICIAL DISTRICT COURT, FLATHEAD COUNTY**

| | |
|---|---|
| **ANDREW THOMAS FABER, as the parent and natural guardian of T.F., a protected minor, and CASSANDRA FABER, as the parent and natural guardian of A.K., a protected minor,**<br>Plaintiffs,<br>v.<br><br>**PROGRESSIVE NORTHWESTERN INSURANCE COMPANY, and JOHN DOES 1-3;**<br>Defendant. | **Cause No. ____________**<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

**COMES NOW,** Plaintiffs Andrew Thomas Faber and Cassandra Faber, and hereby complain and allege as follows:

1. Jurisdiction for this cause lies within the State of Montana, in that the collision and injuries that are the subject of this Complaint occurred within the State of Montana.
2. This cause arises from breach of contract for damages, arising from a bodily injury, which occurred on or about April 6, 2024.
3. Venue is proper in the above Court in that the collision out of which this claim arose occurred in or near Flathead County, in Montana.
4. At all material times herein, Defendant Progressive Northwestern Insurance Company ("Progressive") sold insurance policies and collected premiums for those policies doing business in the state of Montana and subject to the laws of Montana.

**COUNT I**
**BREACH OF CONTRACT**
**(as to PROGRESSIVE NORTHWESTERN INSURANCE COMPANY)**

5. Plaintiffs re-allege the allegations contained in paragraphs 1 through 4.
6. Defendant Progressive had a duty to make payments upon a reasonable investigation with all available information.
7. Defendant Progressive had a duty to affirm or deny coverage of claims within a reasonable time after proof of loss statements had been completed.
8. Defendant Progressive has been provided with the Police Report.
9. Plaintiffs provided Defendant Progressive with medical records, medical bills, to the nature and severity of Plaintiffs' injuries.
10. Plaintiffs requested that Defendant Progressive make payment to Plaintiffs under their underinsured insurance coverage for damages that they sustained.
11. Plaintiffs provided proof to Defendant Progressive that the at-fault driver's liability limits were exceeded.
12. Defendant Progressive's UIM agreement provides that they will pay compensatory damages to its injured insureds.
13. Defendant Progressive failed to make payments to Plaintiffs for their damages under the policy in a timely fashion.
14. Defendant Progressive is aware that Plaintiffs' injuries and damages exceed the at fault's policy limits.
15. Defendant Progressive consented to Plaintiffs accepting the policy limits of another insurance carrier in this wreck.
16. Defendant Progressive failed to make payments to Plaintiffs for their damages under the policy in a timely fashion.

17. Defendant Progressive has refused to make payment of damages that the Plaintiffs are legally entitled to collect.
18. Defendant Progressive's actions and its refusal to make payment have damaged the Plaintiffs.

**COUNT II**
**COMMON LAW BAD FAITH**
**(as to PROGRESSIVE NORTHWESTERN INSURANCE COMPANY)**

19. Plaintiffs re-allege the allegations contained in paragraphs 1 through 18.
20. Defendant had a duty to pay more than $100,000.00 in UIM damages.
21. Plaintiffs sent Defendant numerous letters and correspondence asking Defendant to pay the claims.
22. Defendant had a duty to pay Plaintiff's damages related to the motor vehicle crash.
23. Defendant repeatedly refused to pay Plaintiffs' claims.
24. Defendant rejected Plaintiffs' claims for payment.
25. Defendant's rejection of Plaintiffs' claims was unreasonable.
26. Defendant violated its fiduciary duty to Plaintiffs when it unreasonably rejected Plaintiffs' claims.
27. Defendant's rejection caused injury to Plaintiffs.
28. Defendant's rejection of Plaintiffs' claims was in bad faith.

**COUNT III**
**UNFAIR CLAIM SETTLEMENT PRACTICES, BREACH OF FIDCUCIARY DUTIES, AND BAD FAITH**
**(as to PROGRESSIVE NORTHWESTERN INSURANCE COMPANY)**

29. Plaintiffs hereby re-allege the allegations set forth in counts 1 through 28.
30. Defendant Progressive owed a duty not to misrepresent the facts pertinent to Plaintiffs' UIM policy coverage.

31. Defendant Progressive owed a duty to effectuate prompt and fair settlements once liability became reasonably clear.
32. Defendant Progressive neglected to attempt in good faith to effectuate prompt, fair, and equitable settlement of Plaintiffs' claim in this case where liability has become reasonably clear.
33. Defendant Progressive violated its duties to Plaintiffs by failing to effectuate prompt and fair settlements once liability became reasonably clear.
34. Defendant Progressive has not provided a written refusal or explanation for its refusal to pay policy limits after Plaintiffs provided additional proof.
35. Defendant Progressive has made it a pattern of its practices and behavior in handling and adjusting the claim of its insured Plaintiffs to violate § 33-18-201, MCA; § 33-18-242, MCA; and its common law duties of good faith and fair dealing and fiduciary duties with its insured, by continuing to deny payments when proof of damages has been well established and properly submitted not consistent with its fiduciary duties to its insured and §§ 33-18-201 and 242,MCA, and in violation of the reasonable expectations of the insured and the Defendant's own advertising representations and promises.
36. Plaintiffs have been injured by Defendant Progressive's improper actions.
37. Defendant Progressive's actions constitute fraud and/or malice, and it should be required to pay exemplary damages in accordance with § 27-1-221, MCA.

**COUNT III**
**NEGLIGENCE**
**(as to JOHN DOES 1-3)**

38. Plaintiffs hereby re-alleges the allegations set forth in counts 1 through 37.
39. Defendants' insured owed Plaintiff a duty to exercise reasonable care in the operation of a motor vehicle.

40. Plaintiff has damages for which Defendants have refused to pay.
41. The identity of John Does is currently unknown but upon information and belief, they are responsible or partially responsible and therefore liable for Plaintiff's injuries and damages.
42. John Does may have contributed to or exacerbated the harm caused to Plaintiff and are therefore liable for Plaintiff's injuries and damages.
43. Plaintiff reserves the right to amend this Complaint to include the true names and capacities of John Does once their identities are ascertained.
44. Plaintiff hereby re-alleges the allegations set forth in counts 1 through 43.

**WHEREFORE,** Plaintiffs pray for judgment against Defendant as follows:

1. For all general and compensatory damages proved and awarded by the jury or court;
2. For all special damages proved and awarded by the jury or court;
3. For all other damages allowed by law and awarded by the jury;
4. For Plaintiffs' costs and disbursements in this action; and
5. For such other and further relief as the Court deems just and equitable under the circumstances.

**JURY DEMAND**

1. Plaintiffs hereby demand a jury trial on all claims triable by right.

Dated this 20th day of May, 2025.

GLACIER LAW FIRM, PLLC

/s/ *Alex K. Evans*

Alex K. Evans
Wayne Olson
GLACIER LAW FIRM, PLLC
165 Commons Loop, Suite 3
Kalispell, MT 59901
*Attorneys for Plaintiff*